**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

REYNALDO ROSARIO,              :
                                      Civil Action No. 07-5173 (JBS)
        Petitioner,    :

        v.             :    **OPINION**

WARDEN GRONEOUSKY,             :

        Respondent.    :


**APPEARANCES:**

Petitioner pro se
Reynaldo Rosario
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

    Petitioner Reynaldo Rosario, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is the Warden.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner was sentenced in this Court to a term of imprisonment of 327 months, pursuant to which he is presently confined.  See United States v. Rosario, 93-cr-0197 (D.N.J.).

Petitioner previously filed a motion to vacate, set aside, or correct the sentence, under 28 U.S.C. § 2255, which was denied by the Honorable Alfred M. Wolin, United States District Court, on March 7, 2001.  Rosario v. United States, 00-cv-4239 (D.N.J.).  Thereafter, Petitioner filed a Motion to Re-open pursuant to Rule 60(b), which was denied by the Honorable Faith S. Hochberg, United States District Court, on August 29, 2006, on the grounds that the Motion constituted a second or successive § 2255 motion which had not been certified by the Court of Appeals for the Third Circuit.  Id.

On November 2, 2006, the Court of Appeals for the Third Circuit denied Petitioner's application to file a second or successive § 2255 motion, in which he sought to assert the rules announced in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005),[2] as grounds for

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), pursuant to the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior

relief.  The Court of Appeals denied leave to file a second § 2255 motion because the Supreme Court had not made Blakely or Booker retroactively applicable to cases on collateral review. In Re Rosario, No. 06-4326 (3d Cir.).

Petitioner has now filed this Petition, pursuant to 28 U.S.C. § 2241, in which he asserts that he does not challenge the legality of his conviction or sentence, but that the Warden who holds him in custody pursuant to that sentence is holding him illegally, in violation of the Eighth Amendment, because the sentence which should have been imposed, in light of the later Blakely and Booker decisions, should have expired by now. Petitioner does not allege that the Warden is detaining him beyond the expiration of the sentence that was, in fact, imposed.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

---

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  542 U.S. at 302 (internal quotations omitted).  Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, finding the Guidelines unconstitutional, and rendering them merely advisory, rather than mandatory.

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

Because of the interplay between Title 28 U.S.C. Sections 2241 and 2255, this Court must first determine whether it has jurisdiction over this Petition which Plaintiff characterizes as a petition under Section 2241.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[3]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[4] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).[5]

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

---

[5] In contrast, "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). A petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). Thus, for example, a § 2241 petition is an appropriate vehicle to challenge a disciplinary proceeding that has resulted in the loss of good-time credits, affecting the length of a federal prisoner's sentence.

As noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  <u>See also</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  <u>Id.</u>  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that,

8

based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner previously has pursued his § 2255 remedy in the trial court and has filed an application in the Court of Appeals for leave to file a second § 2255 motion.  Before the Court of Appeals, he unsuccessfully sought leave to raise, in a proposed second § 2255 motion, the very claim presented here, that his present incarceration is illegal under the rules announced in Blakely and Booker.

Notwithstanding Petitioner's creative characterization of the claim as a § 2241 challenge to detention beyond the end of the term which lawfully could or should have been imposed, the claim is clearly a challenge to detention pursuant to the sentence that was imposed, which challenge must be brought under § 2255, unless § 2255 is "inadequate or ineffective."  See, e.g., Maxwell v. Sniezek, 2005 WL 1334642 (N.D. Ohio June 3, 2005). Petitioner's inability to meet the gatekeeping requirements of § 2255, that is, his inability to obtain authorization to file a second § 2255 motion, does not render § 2255 an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  To the contrary, Petitioner brings this § 2241 petition only because he is dissatisfied with the result of his application for leave to bring a second § 2255 motion.

Accordingly, this Petition must be construed as a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[6] which Petitioner has not received authorization to file.[7]  Thus, this Court lacks jurisdiction to entertain this Petition.[8]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was

---

[6] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

[7] As Petitioner characterizes the Petition, in the first instance, as a challenge to the "execution" of the sentence, he does not address whether the remedy under § 2255 is "inadequate or ineffective."  Plainly, the remedy under § 2255 is not "inadequate or ineffective."  Petitioner does not assert the type of claim permitted by Dorsainvil.  Plaintiff merely seeks to evade the gatekeeping requirements of § 2255 to assert a claim that is not retroactively applicable to cases on collateral review.  See infra.

[8] Because this Court lacks jurisdiction to entertain this second § 2255 motion, the motion to supplement the Petition to assert new claims will be denied.

10

filed." 28 U.S.C. § 1631.  As noted above, a second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  28 U.S.C. § 2244.  It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals as a motion for leave to file a second or successive § 2255 motion.  The Court of Appeals has already denied Petitioner leave to file a second § 2255 asserting a claim under Blakely and Booker.

To the extent the Petition could be construed as asserting a claim cognizable under § 2241, the claim is meritless.  The rules announced in Blakely and Booker do not apply retroactively to cases on collateral review.  Thus, the Warden is not violating the Eighth Amendment by continuing to confine Petitioner pursuant to the sentence as imposed, instead of the sentence that Petitioner believes should be imposed now in light of Blakely and Booker.  See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the supreme Court in Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003) (holding that Apprendi does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (holding that Apprendi does not apply retroactively to cases on collateral review).  See also United States v. Price,

400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005) (Blakely does not apply retroactively to cases on collateral review).

## IV.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed for lack of jurisdiction.  In the alternative, to the extent this Court can exercise jurisdiction over it, the Petition must be denied as meritless.  An appropriate order follows.


                                    **s/ Jerome B. Simandle**
                                    Jerome B. Simandle
                                    United States District Judge

Dated: **April 1, 2008**